Filed 4/24/13  P. v. Guenthard CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B241315 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No.  KA096787-01) |
| RYAN STERLING GUENTHARD, | |
| Defendant and Appellant. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

        Caroline R. Hahn, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Respondent.

Appellant Ryan Sterling Guenthard was charged by information with two counts of second degree robbery (Pen. Code § 211).[1]  It was alleged with respect to both counts that he personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1), 12022.5, subdivision (a), and 12022.53, subdivision (b).  Appellant rejected a pretrial offer of 12 years.  At trial, two witnesses identified appellant as the man who had robbed a Gamestop store on January 23, 2012.  The witnesses, two clerks working in the store at the time, both were aware a robbery was taking place, but only one saw the gun.  The court denied a motion to dismiss count two for lack of evidence.  The court granted a defense motion to dismiss the gun use allegation pertaining to count two.  The jury found appellant guilty of both counts and found the gun use allegation true.  The court denied a defense motion for a new trial.  The court imposed a sentence of 13 years consisting of:  two years (the low term) for count one, one year (one-third the mid-term) for count two to run consecutively, and 10 years under section 12022.53, subdivision (b) for the firearm use.  A sentence of four years was imposed under section 12022.5, subdivision (a) and stayed.  Appellant was given 35 days of custody credit.

After appellant filed a timely notice of appeal, this court appointed counsel to represent him.  On October 29, 2012, counsel filed a brief in which the only issue raised was correction of custody credits.  On November 28, 2012, the brief was stricken pursuant to counsel's request.  Thereafter, counsel submitted a motion to the trial court to correct custody credits.  The court granted the motion and the abstract of judgment was amended to reflect 100 days of credit.  After examining the record, counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25

---

[1]    Undesignated statutory references are to the Penal Code.

2

Cal.3d 436, 441-442.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.)  On November 28, 2012, we sent a letter advising appellant he had 30 days within which to submit by brief or letter any contentions or arguments he wished the court to consider.  No reply was received.

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d 436 and is satisfied that no arguable issues exist.  Accordingly we affirm the judgment of conviction.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

SUZUKAWA, J.

3